UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK L. OAKES,

    Plaintiff,

v.

Case No. 1:07-cv-678
Hon. Robert J. Jonker

LESLIE VANDEUSEN, *et al.*,

    Defendants.

                       /

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is before the court on defendants' "motion to dismiss or in the alternative for summary judgment" (docket no. 22), plaintiff's "motion to amend plaintiffs [sic] 42 U.S.C. subsection 1983 complaint and brief in support" (docket no. 20), and plaintiff's "motion requesting exhibits to be added" (docket no. 26).

**I.    Background**

Plaintiff's suit arises from the revocation of his parole. On May 1, 1996, plaintiff was convicted of third degree criminal sexual assault. Certified Record at 58.[1] He was granted parole on January 25, 2006, for a two-year term expiring on January 25, 2007. *Id.* at 36. On July 11, 2006, defendant Leslie VanDeusen ("VanDeusen"), a parole agent with the Michigan Department of Corrections ("MDOC"), arrested plaintiff for violating the terms of his parole. *Id.* at 53-55. Plaintiff was charged with three counts of parole violation. Count I charged plaintiff with two violations of

---

[1] The certified record of plaintiff's parole proceedings ("Certified Record") is attached to defendants' brief as Exhibit A (pages 1-57) and Exhibit B (pages 58-107).

condition 10 and special condition 1.5, for failing to attend sex offender treatment as ordered by the Parole Board. *Id.* at 56-57. Count II charged plaintiff with violating condition 10 and special condition 3.7 by refusing to be placed on tether as ordered by the Parole Board. *Id.* at 57. Count III charged plaintiff with violating condition 4 by being involved in behavior that constituted a violation of state law, i.e., contracting a home renovation without a license. *Id.* at 57-58.

Defendant Dennis Vennema ("Vennema"), a hearings examiner, ruled that probable cause existed on all charges. *Id.* at 56-58. At his arraignment on August 7, 2006, plaintiff entered a not guilty plea as to the three violations. *Id.* at 49-50. On August 23, 2006, defendant Martin Palus ("Palus"), an Administrative Law Examiner, conducted a formal hearing on the parole violation, finding plaintiff guilty on all charges. *Id.* at 36-40.

After interviewing plaintiff in February 2007, the Parole Board issued an order for parole commencing on July 11, 2007 and terminating on April 23, 2009. *Id.* at 2-17. Shortly after his release on parole in July 2007, petitioner filed this civil rights action pursuant to 28 U.S.C. § 1983. In his complaint, petitioner alleges that defendants VanDeusen, Vennema and Palus violated his due process rights in revoking his parole. Compl. at ¶¶ 19, 20, 23. In addition, plaintiff alleges that three other individuals violated his due process rights: Kathy Danhof ("Danhof"), identified as the Muskegon Parole Office Field Supervisor; John Arnoldi ("Arnoldi"), identified as the "Area Manager;" and Mary Luna ("Luna"), identified as "the Muskegon Parole Office secretary - E8/Grievance Coordinator." *Id.* at ¶¶ 21, 22, 24. Plaintiff also names the MDOC as a defendant, but does not allege any particular claim against that state agency.

Plaintiff seeks compensatory and punitive damages against the individual defendants. In addition, plaintiff seeks the following extraordinary relief:

    A.    Issue an injunction ordering Arnoldi to:

        1.    Expunge the convictions of the charges at the Preliminary PV Hearing and the 45 day hearing from Plaintiff's institutional record.

        2.    Immediately discharge Plaintiff from parole status, [o]n the grounds that had his subordinate not violated Plaintiff's due process rights[,] Plaintiff would have been released from parole status on January 25, 2007.

Compl. at p. 8.[2]

### II. Legal Standard

Defendants have filed a combined "motion to dismiss or in the alternative for summary judgment" brought pursuant to Fed. R. Civ. P. 12(b)(6) and 56. In this case, the court will address defendants' contention that plaintiff has failed to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir.2005). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they

---

[2] The court notes that while plaintiff was on parole at the time he filed this suit in July 2007, MDOC records reflect that he is currently incarcerated at the Charles Egeler Reception and Guidance Center for alleged parole violation. *See* Offender Tracking Information System (OTIS) at www.state.mi.us/mdoc.

must show entitlement to relief. To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citations omitted). The Court need not accept as true legal conclusions or unwarranted factual inferences. *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998).

### III.     Plaintiff's § 1983 claim is barred by *Heck v. Humphrey*

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

In this § 1983 action, plaintiff challenges the validity of the Parole Board's proceedings that resulted in the 2006 parole revocation decision (including the duration of his confinement and parole) and seeks monetary damages from alleged constitutional violations arising from the parole revocation. Plaintiff's challenge to the fact or duration of his confinement must be brought as a petition for writ of habeas corpus rather than a civil rights action under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 ("[w]hat is involved here is the extent to which § 1983 is a permissible alternative to the traditional remedy of habeas corpus . . . we hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief

he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

In *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), the Sixth Circuit explained the so-called "habeas exception" to § 1983 discussed in *Preiser*:

> Federal courts have long recognized the potential for prisoners to evade the habeas exhaustion requirements by challenging the duration of their confinement under 42 U.S.C. § 1983, rather than by filing habeas petitions. Consequently, the Supreme Court recognized a "habeas exception" to § 1983 in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), when it held that suits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and accordingly are not cognizable under § 1983. The Court expanded the habeas exception to § 1983 in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). In *Heck*, the Court determined that, unless a prisoner's conviction or sentence were previously set aside by a separate legal or administrative action, § 1983 would not countenance claims for damages if a finding for the plaintiff would *necessarily invalidate* a conviction or sentence. And in *Balisok*, the Court concluded that a prisoner cannot use § 1983 to challenge prison procedures employed to deprive him of good-time credits when the alleged procedural defect alleged would, if established, "necessarily imply the invalidity of the punishment imposed." 520 U.S. at 648, 117 S.Ct. 1584.

*Thomas*, 481 F.3d at 438 (emphasis in original).

The rules announced in *Preiser* and *Heck* preclude plaintiff from challenging his parole revocation decision under the guise of a § 1983 action. *See, e.g.*, *Williams v. Consovoy*, 453 F.3d 173, 177 (3rd Cir. 2006) (applying *Heck* to a § 1983 challenge to parole revocation proceedings, noting that "because the Parole Board's decision has not been rendered invalid, [the plaintiff] may not attack it via a § 1983 action"); *Washington v. Killian*, 97 Fed.Appx. 878, 879 (10th Cir. 2004) ("[b]ecause [the plaintiff's] claim that his parole revocation was unconstitutional would necessarily imply the invalidity of his sentence, this case falls within the prohibition in *Heck* . . . [a] suit for money damages is not the proper vehicle for challenging the validity of his parole

5

revocation"); *Miskowski v. Martin*, 57 Fed.Appx. 246, 248 (6th Cir. 2003) ("to the extent [the plaintiff] sought to challenge the revocation of his parole, he could not do so through a § 1983 complaint because he has not demonstrated the invalidity of his parole revocation by either a Michigan state court or a federal habeas corpus decision"); *White v. Gittens*, 121 F.3d 803, 807 (1st Cir. 1997) ("[a] favorable decision in the § 1983 proceeding would necessarily call into question the validity of the state's decree revoking [the plaintiff's] parole and ordering him back to prison"); *Littles v. Board of Pardons & Paroles Division*, 68 F.3d 122, 123 (5th Cir. 1995) (in rejecting the plaintiff's § 1983 claim arising from parole, the court observed that the plaintiff "questioned the validity of the confinement resulting from his parole-revocation hearing" but "has not alleged that the Board's decision has been reversed, expunged, set aside, or called into question, as *Heck* mandates").

Plaintiff has failed to state a cognizable claim under § 1983. Accordingly, his complaint should be dismissed.[3]

### IV. Motions to amend the complaint

Finally, plaintiff has filed a motions to amend his complaint to include additional claims for compensatory and punitive damages (docket no. 20) and to add exhibits to his complaint (docket no. 26). Plaintiff's first motion to amend proposes to add a $5,000,000.00 claim for compensatory damages against the MDOC and $20,000.00 punitive damage claims against the individual defendants. This motion is subject to Fed. R. Civ. P. 15(a)(1), which provides in pertinent part that "[a] party may amend its pleading once as a matter of course . . . (A) before being served

---

[3] Because plaintiff's § 1983 claim fails, it is unnecessary for the court to address defendants' remaining arguments in support of their motion to dismiss or for summary judgment.

with a responsive pleading." Plaintiff's second motion to amend the complaint proposes to add certain exhibits to his complaint. This motion is subject to Fed. R. Civ. P. 15(a)(2), which provides in part that "a party may amend its pleading only with the opposing party's written consent or the court's leave."

Plaintiff's motions are without merit. For the reasons stated above, he has no cause of action under § 1983. The proposed amendments are futile because they do not remedy the fatal flaws in his complaint. "A motion to amend a complaint should be denied if the amendment . . . would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). Accordingly, plaintiff's motions to amend should be denied.

## V.     RECOMMENDATION

I respectfully recommend that defendants' motion to dismiss or for summary judgment (docket no. 22) be **GRANTED**, that plaintiff's motions to amend (docket nos. 20 and 26) be **DENIED**, and that plaintiff's suit be **DISMISSED**.


Dated:  August 4, 2008                              /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).